WILLIAM H. CLAPP et al. vs. FRED. SHERMAN et als.

In the forty eighth equity rule the word "examination" means the testimony of witnesses taken in writing either by the master or by examiners appointed for that purpose.

A master in chancery will not report to the court testimony given orally before him unless directed to do so by the decree he acts under, or requested to do so by some of the parties to the suit.

BILL IN EQUITY for an account. On complainants' motion for a final decree confirming the master's report and on counter motions by respondents.

*December* 6, 1888.  PER CURIAM.  Two motions are made by the respondents in this case.  One is for further time to file exceptions to the master's report, the twenty days allowed by the rule having expired.  The reason given is that counsel did not know that the report was filed, but we think he could have known if he had used proper care, and assuming that we are at liberty to relax the rule, we do not think sufficient cause for relaxing it is shown.

The other motion is that the report be recommitted because the master has not returned with it the testimony on which his findings were based, the oral testimony being meant.  The forty eighth equity rule is cited.  That rule does not direct the master to return the oral testimony taken before him, but directs him not to make "any statement of facts, charge, affidavit, deposition, examination, or answer brought in or used before him" a part of his report, but merely to identify and refer to them for the information of the court.  By "examination" is meant written examination of witnesses taken either by the master himself or by ex-

aminers appointed for the purpose. 2 Daniell Chanc. Plead. & Prac. *1196, *1197. The practice in this State has been for the master not to report the testimony given orally before him, unless directed to do so by the decree, or requested to do so by the parties, or one or other of them. The practice is similar in some of the other states. *Howe* v. *Russell,* 36 Me. 115; *Simmons* v. *Jacobs,* 52 Me. 147; *Rennell* v. *Kimball,* 5 Allen, 364; *Sparhawk* v. *Wills,* 5 Gray, 423; 1 Barbour Chanc. Prac. 548. There are cases in which the parties do not care to have, and ought not to be burdened with the expense of having the testimony reported.

*Decree confirming master's report entered December 8, 1888.*

*William H. Clapp,* for complainants.

*William W. Blodgett, Oscar Lapham & Edward W. Blodgett,* for different respondents.